E-FILED
Tuesday, 07 October, 2014 03:08:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| THOMAS R. JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-CV-2060 |
| ) | |
| TOM SPILLER, Warden, ) | |
| ) | |
| Respondent. ) | |

## **OPINION**

On April 1, 2014, Petitioner Thomas R. James filed a pro se Petition for a Writ of Habeas Corpus by a Person in State Custody (#1) under 28 U.S.C. § 2254. Petitioner then filed Motions to Stay State Court Proceedings on May 2, 2014 (#8) and May 27, 2014 (#10). The Government filed an Answer and Response to Petitioner's Motion for Stay (#11) on June 10, 2014. On June 17, 2014, Petitioner filed a Reply (#13) and a Response to the Motion to Stay (#14). This court has carefully and thoroughly reviewed the arguments of the parties and the provided documentation. Following this careful consideration, Petitioner's Petition for a Writ of Habeas Corpus (#1) and Motions to Stay (#8, #10) are DENIED.

FACTS

Petitioner is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. Tom Spiller is the Center's warden. In September 2002, Petitioner was convicted of armed robbery in the Circuit Court of Vermilion County, Illinois, and sentenced to thirty-two years of imprisonment. This court denied Petitioner's Petition for a Writ of Habeas Corpus stemming from that case. *James v. Gaetz*, No. 09-2094 (C.D. Ill. 2009).

In April 2004, Petitioner was convicted of armed robbery in the Circuit Court of Champaign County, Illinois, and sentenced to thirty years of imprisonment. This sentence was joined with his prior sentence. Petitioner appealed his conviction, arguing that: (1) he was denied a speedy trial because he was not brought to trial until 208 days after he had filed a demand under the intrastate detainer statute; and (2) his attorney's failure to seek dismissal on that ground constituted ineffective assistance of counsel. The Illinois Appellate Court affirmed Petitioner's conviction. *People v. James*, No. 4-04-0500 (Ill. App. Ct. 2006). Petitioner then filed a Petition for Leave to Appeal, which the Illinois Supreme Court denied on September 27, 2006. *People v. James*, 857 N.E.2d 678, 678 (Ill. 2006).

Since his direct appeal was ineffective, Petitioner initiated a series of collateral attacks. For instance, Petitioner filed a Petition for Relief from Judgment on July 7, 2006, which the trial court dismissed on July 13, 2006. The Illinois Appellate Court dismissed Petitioner's appeal from that decision for lack of jurisdiction on April 24, 2008. *People v. James*, No. 4-06-0648 (Ill. App. Ct. 2008). The next motion that Petitioner filed was a Motion to Depart Downward on September 26, 2008. He then filed a barrage of other pro se pleadings in the state trial court.

Petitioner's present habeas claim arose from a 2013 filing. On January 2, 2013, Petitioner tried to file a Motion for Leave to File a Petition for Injunctive Relief with the Illinois Appellate Court, Fourth District. The Fourth District, finding that it lacked jurisdiction over the original action, transferred the case to the Illinois Supreme Court, which promptly denied Petitioner's motion. *James v. People*, No. M13161 (Ill. May 29, 2013). Petitioner then filed a Motion to Reconsider. The Illinois Supreme Court denied the motion. *James v. People*, No. M13161 (Ill. Sept. 26, 2013).

Instant Litigation

On April 1, 2014, Petitioner, as a person in state custody, filed a Petition for a Writ of Habeas Corpus (#1) under 28 U.S.C. § 2254. Petitioner asks this court to (1) vacate his Vermillion County and Champaign County convictions and (2) grant him per diem credit for time served from March 8, 2002. Petitioner asserts that that he was deprived of due process because the Illinois Appellate Court (1) did not assume original jurisdiction of his Petition for Injunctive Relief and (2) transferred the petition to the Illinois Supreme Court.

On May 2, 2014, Petitioner filed a Motion for Stay of State Court Proceedings (#8) under 28 U.S.C. § 2251. Petitioner requests that this court stay state court proceedings in Champaign County case No. 2002 CF 850 and Vermilion County case No. 2002 CF 141 retroactive to March 8, 2002, because a habeas corpus proceeding is pending before this court.

On May 27, 2014, Petitioner filed a second Motion to Stay (#10). In it, Petitioner additionally requests that, if this court grants a stay of state proceedings from March 8, 2002, the court also bar the Government from re-prosecuting the cases.

The Government filed an Answer and Affirmative Defenses (#11) on June 10, 2014. On June 17, 2014, Petitioner filed a Reply (#13) and a Response to Motion to Stay (#14).

ANALYSIS

Habeas Corpus

On April 1, 2014, Petitioner filed a habeas petition (#1) with this court. Petitioner asserts that he was deprived of due process because the Illinois Appellate Court (1) did not assume original jurisdiction of his Petition for Injunctive Relief and (2) transferred the petition to the Illinois Supreme Court. Petitioner claims that he is in custody due to this action, which was in violation of the "injunctive relief act" and Illinois Supreme Court Rule 368. The Government

filed an Answer and Affirmative Defenses (#11) on June 10, 2014. The Government argues that, to the extent that Petitioner challenged his custody based on his Vermilion County conviction, this court lacks jurisdiction because the petition was an unauthorized successive application. As for the Champaign County conviction, Petitioner's claim provides no basis for habeas corpus relief because: (1) even if there were an error in the collateral proceedings, this court cannot remedy errors having nothing to do with why the Petitioner was confined; (2) the Petitioner is raising a state law claim not open to federal habeas review; and (3) the Petitioner's challenge is untimely. Petitioner responded (#13, #14) on June 17, 2014, admitting that he had never received authorization to file a second habeas petition but asserting that the Government procedurally defaulted by failing to address the petition's allegations, thereby forfeiting its claims and defenses and being barred from re-prosecution.

## Vermilion County Conviction

Insofar as the habeas petition challenges Petitioner's custody based on his Vermillion County conviction, it is an unauthorized successive application over which this court has no jurisdiction. A petitioner "is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (citations omitted). Therefore, a district court may dismiss a habeas petition "if it appears that the legality of [the petitioner's] detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Moreover, a habeas petitioner must obtain authorization from a court of appeals before filing a second or successive application in a district court. *Id.* § 2244(b)(3)(A). If a petitioner fails to acquire authorization, a district court must dismiss the successive habeas petition because the court has no jurisdiction to entertain the claim. *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Nunez v.*

*United States*, 96 F.3d 990, 991 (7th Cir. 1996). This is because § 2244(b)(3)(A) operates as "an allocation of subject-matter jurisdiction to the court of appeals." *Nunez*, 96 F.3d at 991. While "the phrase 'second or successive' must be interpreted with respect to the judgment challenged," a "second or successive" habeas application includes an application that contests "the same custody imposed by the same judgment of a state court." *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010); *Burton*, 549 U.S. at 153.

While this habeas petition purports to ask this court to rule on issues arising from his Champaign County conviction, Petitioner asks this court to vacate both that judgment and his conviction in Vermillion County. Petitioner's 2009 federal habeas petition, however, attacked the Vermilion County conviction. This court denied that petition on the merits and terminated the case. *James v. Gaetz*, No. 09-2094 (C.D. Ill. 2009). Petitioner admits to failing to acquire leave to file a second habeas petition from the Seventh Circuit. Therefore, Petitioner is again "contesting the same custody imposed by the same judgment of a state court" without having acquired authorization to do so. *Burton*, 549 U.S. at 153. Because this is an unauthorized successive application, this court has no jurisdiction and cannot grant relief on Petitioner's Vermilion County conviction.

Champaign County Conviction

As for the challenge to Petitioner's custody based on his Champaign County conviction, the petition is untimely and raises no claims upon which a district court might grant relief.

*Statute of Limitations*

Petitioner's habeas petition is untimely. As 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), the statute of limitations "begins to run . . . when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court." *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). "[I]f certiorari was not sought," however, the statute of limitations will begin running when "all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ." *Id.*

Petitioner's direct criminal appeals in the state system were concluded upon the Illinois Supreme Court denying Petitioner leave to appeal on September 27, 2006. Petitioner had ninety days to file a petition for a writ of certiorari with the United States Supreme Court. Sup. Ct. R. 13. This time period expired on December 26, 2006. Having failed to file for a writ of certiorari, Petitioner's conviction became final on that date. Petitioner therefore had until December 26, 2007, to file a habeas petition, unless a properly filed application for review tolled the statute of limitations. 28 U.S.C. § 2244(d)(1)-(2). Petitioner filed his habeas petition on April 1, 2014. No application for review was even filed before late 2008. Petitioner's first motion after his

conviction became final was a Motion to Depart Downward that was filed on September 26, 2008. And the two applications for review that Petitioner points to were filed on June 4, 2012, (Petition for Relief from Judgment) and January 2, 2013 (Petition for Injunctive Relief). Because more than one year of untolled time lapsed between Petitioner's judgment becoming final and his filing of this habeas petition, Petitioner's habeas petition is time barred.

*No Basis for Habeas Relief*

Even if it were not untimely, Petitioner's habeas petition provides no basis on which this court may grant habeas corpus relief. First, "[f]ederal habeas corpus cannot remedy an error in a state collateral proceeding where the error has nothing to do with the reason for a defendant's confinement." *Zamora v. Pierson*, 158 F. Supp. 2d 830, 836 (N.D. Ill. 2001) (citing *Jackson v. Duckworth*, 112 F.3d 878, 879 (7th Cir. 1997)). Even if Illinois' post-conviction remedy procedure were infirm, a court cannot set aside a valid original conviction on that basis. *Id.* (citation omitted). Such defects or errors simply do not raise cognizable constitutional questions. *Id.* (citation omitted). Petitioner is not in custody due to the appellate court's transfer of his petition. Petitioner is in custody due to his conviction in Champaign County, as well as his Vermilion County conviction. Accordingly, Petitioner's challenge of a state collateral proceeding that is not the basis for his confinement provide no basis upon which this court could grant habeas relief.

Second, even if Petitioner were correct that the Illinois courts violated Article 1, Section 2 of the Illinois Constitution and/or Illinois Supreme Court Rule 368, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). As the U.S. Supreme Court has repeatedly emphasized, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68

7

(citations omitted). Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68 (citations omitted). Here, Petitioner is alleging that Illinois courts incorrectly applied Illinois law. This is a non-cognizable claim for a federal habeas court. Because Petitioner is raising solely non-cognizable state law claims and challenging a state collateral proceeding that is not the basis for his confinement, Petitioner has raised no grounds upon which this court might grant habeas relief even if his petition were timely.

## Motions for Stay

Petitioner filed a Motion to Stay on May 2, 2014 (#8) and May 27, 2014 (#10). In both motions, Petitioner requests that, pursuant to 28 U.S.C. § 2251(a)(1), this court stay the state court proceedings in Champaign and Vermilion counties from March 8, 2002. This would make Petitioner's subsequent convictions void. 28 U.S.C. § 2251(b). The May 27th motion also requests that this court bar the state from re-prosecuting the cases if the stay is granted. As 28 U.S.C. § 2251(a)(1) provides, judges "before whom a habeas corpus proceeding is *pending* may . . . stay any proceeding against the person detained . . . by or under the authority of any State for any matter involved in the habeas corpus proceeding." (emphasis added). This court is dismissing Petitioner's appeal. Petitioner's motions for stay are therefore dismissed as moot.

## Certificate of Appealability

This court has concluded that Petitioner's claims are procedurally barred. When a "court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the court should issue a certificate of appealability (COA) "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

8

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present," however, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

This court has concluded that it has no jurisdiction to hear Petitioner's claims insofar as they relate to his Vermilion County conviction and that Petitioner's claims relating to his Champaign County conviction are untimely and raise no grounds upon which this court might grant relief. Given these plain procedural bars, reasonable jurists could conclude neither that this court erred in dismissing Petitioner's habeas petition nor that Petitioner should be allowed to proceed. Accordingly, this court finds that a COA is unwarranted for Petitioner's claims.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1) is DENIED.

(2) Petitioner's Motions for Stay (#8, #10) are DENIED.

(3) A certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 7th day of October, 2014

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE